IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

INMATE COMMUNICATIONS &
HOSPITALITY, INC.                                                    PLAINTIFF

VS.                              Case No. 04-CV-4029

MILLER COUNTY, ARKANSAS
operating as Miller County Jail                                     DEFENDANT

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Miller County, Arkansas operating as Miller County Jail's

("the Jail") Motion to Dismiss for Lack of Prosecution.  (Doc. 29)  Plaintiff Inmate

Communications & Hospitality, Inc. ("ICH") has responded.  (Doc. 30)  The Jail has filed a

reply.  (Doc. 31)  The Court finds the motion ripe for consideration.

The Jail requests the Court dismiss this case with prejudice for lack of prosecution based

on ICH's failure to respond to an interrogatory and make the president of ICH, Harry Crawford,

available for a deposition.  Alternatively, the Jail requests the Court to order ICH to provide a

report on the health of Crawford, state when information requested in the interrogatory will be

provided, and state when Crawford will be available for a deposition.  The Jail also raises the

possibility of continuing the current trial date of June 26, 2006.

## I. BACKGROUND

On April 18, 2005, the Jail submitted a set of interrogatories to ICH.  One of the

interrogatories requested information regarding inmate calls made from the Jail to telephone

numbers served by Southwest Arkansas Telephone Co-op and by credit cards provided by the

person being called by the inmate.  With respect to these calls, the Jail requested (a) the

telephone number called by the inmate, (b) the type of credit card to which the call was charged,

(c) the name of the holder of the credit card and the name, if different, of the person authorizing the credit card charge, (d) the date the call was made, and (e) the date authorization was given to charge the call on a credit card if this date is different from the date the call was made. On May 23, 2005, ICH responded, "Will supplement. Plaintiff is gathering the requested data from CTI." (Doc. 29, p. 2). Since ICH's response, the Jail has requested the information five times by letter from its counsel.

At one time, Crawford's deposition was scheduled for June 29, 2005. On June 21, 2005, ICH informed the Jail Crawford was to have surgery and would not be available for the deposition on June 29, 2005. Since June 21, 2005, the Jail has requested a date from ICH to make Crawford available for a deposition. ICH either did not respond to these requests or told the Jail Crawford was physically unable to be deposed. In October 2005, ICH told the Jail that Crawford was hospitalized for cancer treatment and could not be deposed for 10 weeks. As of March 7, 2006, Crawford was recuperating from cancer treatment, but was on a feeding tube which makes it impossible for him to travel from his hospital room in Houston. (Doc. 30-2, letter from David, L. Schwartz, M.D.)

## II. DISCUSSION

A sanction of a dismissal with prejudice should only be imposed in cases of wilful disobedience of a court order or persistent failure to prosecute a complaint. *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005). A district court need not find that a plaintiff acted in bad faith to dismiss a case with prejudice for failure to prosecute or to comply with rules or a court order; rather, a dismissal with prejudice requires only that a plaintiff acted intentionally as opposed to accidently or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524 (8th Cir. 2000). Such a

dismissal is a drastic and extremely harsh remedy and proper only when there has been a clear record of delay or contumacious conduct by the plaintiff. *Skelton v. Rapps*, 187 F.3d 902 (8th Cir. 1999).

The Court cannot find that ICH has intentionally disobeyed a court order or has persistently failed to prosecute its complaint. Nor can the Court find a clear record of delay or contumacious conduct on the part of ICH. When ICH filed this case, it sought both a temporary restraining order and a preliminary injunction. It scheduled the deposition of Crawford, but Crawford became unavailable for the deposition when his health deteriorated. ICH timely filed a response to the Jail's motion for summary judgment. ICH has actively pursed the prosecution of this action, but both ICH and the Jail have been hampered in preparing for trial due to Crawfrod's health. The Court finds dismissal of the action for failure to prosecute is not warranted.

With respect to the Jail's request to compel a response to its interrogatory, the Court cannot make ICH compel information it does not possess. However, if ICH obtains the information from CTI, the Court orders ICH to provide the information to the Jail within 20 days of obtaining the information. With respect to the Jail's request to depose Crawford, the Court believes a continuance of the June 29, 2006 trial date and lifting the deadline for discovery in this matter is appropriate. The Court will reset the trial date of this matter for October 30, 2006. This will give Crawford time to possibly recover enough from his medical problems to be available for a deposition under deadlines imposed by the Court's new final scheduling order. If Crawford's health does not improve in time to be deposed under the Court's new final

scheduling order, the Court can revisit the issue of how to resolve this case despite Crawford's poor health.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds the Jail's Motion to Dismiss for Lack of Prosecution should be and hereby is **denied.** However, the Court orders ICH to respond to the interrogatory referenced herein as set forth above. The June 29, 2006 trial date of this matter is hereby continued. All deadlines imposed under the Court's final scheduling order (Doc. 28) are hereby lifted. The Court resets the trial date of this matter for October 30, 2006. A new final scheduling order shall issue in the near future. The parties are ordered to schedule a date for Crawford's deposition consistent with the deadlines in the new final scheduling order.

IT IS SO ORDERED, this 5th day of April, 2006.

                              /s/ Harry F. Barnes
                              Hon. Harry F. Barnes
                              U.S. District Court